UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| STEPHEN D. MATTHEWS, ) | Civil Action No.: 4:08-3613-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **ORDER** |
| ) | |
| NATIONWIDE MUTUAL FIRE ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Presently before the Court is Plaintiff's Motion for Reconsideration (Document # 76). Plaintiff asks the Court to reconsider it's Order (Document # 73) granting Defendant's Motion for Summary Judgment. In the Order, the Court ruled that the present action was filed outside the statute of limitations, declining to accept Plaintiff's argument that the filing of the present action was the functional equivalent of restoring a previous action under Rule 40(j), SCRCP.[1]

Rule 59(e) of the Federal Rules of Civil Procedure states, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Although Rule 59(e) does not itself provide a standard under which a District Court may grant a motion to alter or amend a judgment, the Fourth Circuit Court of Appeals has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for

---

[1] Plaintiff filed a previous action in state court against the same parties and asserting the same claims within the statute of limitations. Thereafter, upon request of Plaintiff's counsel, defense counsel agreed to strike the previous from the docket under Rule 40(j) of the South Carolina Rules of Civil Procedure. The Order was entered on October 10, 2008. On October 7, 2008, prior to the entry of the Rule 40(j) Order, Plaintiff commenced the present action. Nationwide removed the action to this Court. Subsequently, Nationwide filed a motion pursuant to Rule 12(b)(8) of the South Carolina Rules of Civil Procedure to dismiss the previous action. Following a hearing on the motion and without opposition from Plaintiff, the state court judge issued an Order dismissing the previous action with prejudice.

new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pacific Ins. Co. v. American National Ins. Co., 148 F.3d 396,403 (4th Cir.1998) cert. denied, 525 U.S. 1104 (1999). Thus, Rule 59(e) permits a District Court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Id. (citing Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir.1995)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment...." Id. In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. Id.

Here, Plaintiff argues that manifest injustice will occur if the Court does not reconsider its ruling but does not expound on that argument. Plaintiff also argues that the Court erred in concluding that the previous action and the present action were entirely separate cases because both Complaints contained "precisely the same allegations against precisely the same party." Motion p. 1. The undersigned disagrees. The present case was filed and served as a new case with a new case number separate and independent from the previous case. The Fourth Circuit has emphasized that counsel's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion. Hutchinson v. Staton, 994 F.2d 1076 (4th Cir.1993) (citing Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D.Miss.1990)). Plaintiff has failed to present a proper basis for its request that the court alter or amend its judgment. Therefore, his Motion for Reconsideration (Document # 76) is **DENIED**.

    **IT IS SO ORDERED**.

                                               s/Thomas E. Rogers, III
                                               Thomas E. Rogers, III
                                               United States Magistrate Judge

April 30, 2012
Florence, South Carolina